EDMONDS, S.J., concurring.
This case frames an important issue regularly confronted by trial judges: how to respond to an inquiry by a deadlocked jury regarding further deliberations. For the reason expressed below, I agree with the result reached by the majority but I would decide the issue before us on the threshold ground that the instruction given by the trial court did not constitute a "deadlocked jury" instruction.
A "deadlocked jury" instruction, often referred to in the case law as an "Allen" or "dynamite" instruction, "is a supplemental instruction given to encourage deadlocked juries to reach agreement." State v. Marsh , 260 Or. 416, 423, 490 P.2d 491 (1971), cert. den. , 406 US 974, 92 S.Ct. 2420, 32 L.Ed.2d 674 (1972) (emphasis added). The objective of the instruction is to attempt to break a deadlock in deliberations without compromising the jury's duty "to decide the case if it can conscientiously do so." Id. The issue of how to respond to an inquiry by a deadlocked jury is informed by two controlling precedents: Marsh and State v. Hutchison , 142 Or. App. 56, 920 P.2d 1105, rev. den. , 324 Or. 395, 927 P.2d 600 (1996). Under the holdings of those cases, the threshold issue is whether the trial court provided directions to the jury about how to resolve their deadlock. If, in fact, the trial court undertook to give a supplemental instruction on that subject, then the rules of the above cases provide guidance about what instructions should and should not be given. If not, then the rules are inapplicable.
In Marsh , the Supreme Court held that the two supplemental instructions given by the trial court had the effect of coercing the jury into reaching a verdict. 260 Or. at 438, 490 P.2d 491. However, it concluded that the unpreserved error did not rise to the level of an infringement of a constitutionally required fair trial. Id. at 439-40, 490 P.2d 491. In Hutchison , this court *869 held that the additional instruction given by the trial court that was intended to break the jury deadlock was reversible error. 142 Or. App. at 61, 920 P.2d 1105.
In contrast to the facts in Marsh and Hutchison , the trial court in this case did not give a supplemental or additional instruction to break the jury's deadlock. Rather, it declined to give any further instructions. It told the jury, "I'm not able to provide further direction" after reminding the jury that it had been instructed previously not to inform the court of the state of its deliberations and urging it to review all previously given instructions. It then told the jury, "Please continue your deliberations having considered the instructions."
It necessarily follows under Marsh and Hutchison and from the content of what the trial court told the jury that no deadlocked jury instruction was given by the court, as that term is ordinarily understood. Some response to the jury's request for guidance was required of the court, but the court's response declining to give further guidance does not implicate the rules about how to instruct a jury to resolve its deadlock. For that reason, I concur in the majority's result but not its reasoning.